1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

RONALD HARKOVICH, SR., and
RONALD HARKOVICH, JR.,

12

Plaintiffs,

13

vs.

14
15

CITY OF LEMON GROVE, CITY OF LA
MESA, and CITY OF SAN DIEGO,

16

Defendants.

17

CASE NO. 06CV608  IEG  (BLM)

**ORDER (1) GRANTING
DEFENDANT'S MOTION TO
DISMISS (2) DENYING AS MOOT
DEFENDANT'S MOTION FOR A
MORE DEFINITE STATEMENT,
and (3) GRANTING PLAINTIFFS
LEAVE TO FILE A SECOND
AMENDED COMPLAINT**

(Doc. No. 25.)

18
19
20

        Presently before the Court is defendant the City of La Mesa's motion to dismiss Ronald
Harkovich Sr., and Ronald Harkovich, Jr.'s ("plaintiffs") first amended complaint.  For the reasons
stated below the Court grants defendant City of La Mesa's motion to dismiss, denies as moot
defendant City of La Mesa's  motion for a more definite statement, and grants plaintiffs leave to
amend their complaint.

21
22
23

## BACKGROUND

24
25

        On March 20, 2006, plaintiffs filed their complaint.  (Doc. No. 1.)  Plaintiffs alleged that the
cities of Lemon Grove and La Mesa had entered into a silent agreement to "harass, abuse, threat (sic)
the 'homeless people' that lives in town's city limit's" in violation of the Fourteenth Amendment.
(Compl. at 1.)  On June 14, 2006, defendant City of La Mesa filed a motion to dismiss.  (Doc. No. 13.)
On July 20, 2006, the Court granted defendant City of La Mesa's motion to dismiss and granted

26
27
28

1    plaintiffs leave to file a first amended complaint.  (Doc. No. 19.)

2           On August 22, 2006, plaintiffs filed a "Motion to Amend and False Arrest and Violation to

3    Interfered (sic)" which the Court construed to be a first amended complaint ("FAC").  Plaintiffs' FAC

4    alleges that the City of La Mesa, the City of Lemon Grove, and the San Diego County Sheriff's

5    Department violated plaintiffs' federal and state rights.[1]  On August 29, 2006, defendant City of La

6    Mesa filed a motion to dismiss or in the alternative for a more definite statement.  (Doc. No. 25.)

7    Plaintiffs have not filed an opposition.  The matter is now fully briefed, and the Court finds it

8    appropriate for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

9                                                   **DISCUSSION**

10   **A.     Legal Standard**

11          A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests whether

12   a plaintiff's claims are legally sufficient.  See Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d

13   729, 731 (2001).  A complaint may be dismissed "if it appears beyond doubt that the plaintiff can

14   prove no set of facts in support of his claim which would entitle him to relief."  Navarro, 250 F.3d

15   at 732 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (internal quotations omitted).  Such

16   a situation arises when the complaint either lacks a cognizable legal theory or fails to plead facts

17   essential to a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534

18   (9th Cir. 1984).

19          A court considering a Rule 12(b)(6) motion must accept all material, non-conclusory

20   allegations of fact in the complaint as true and must construe those allegations in the light most

21   favorable to the plaintiff.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

22   1983).  However, a court is not required to credit "allegations that are merely conclusory,

23   unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors,

24   266 F.3d 979, 988 (9th Cir. 2001).  A court may dismiss a complaint without granting leave to

25   amend only if it appears with certainty that the plaintiff cannot state a claim.  See, e.g., Fed. R.

26   Civ. P. 15(a) (stating that leave to amend "shall be freely given when justice so requires");

27   _____

28          [1] Plaintiffs actually named the Lemon Grove Sheriff's Department in their complaint.
     However, since 1977 the San Diego Sheriff's Department has provided contract law enforcement
     services to the city.  http://www.sdsheriff.net/LemonGrove (last visited September 29, 2006).

1  Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988).

2        This Court recognizes that it has a duty to ensure that pro se litigants do not lose their right

3  to a hearing on the merits of their claim due to ignorance of technical procedural requirements.

4  Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir. 1984) (defective service of complaint by pro

5  se litigant does not warrant dismissal); Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984). Thus,

6  for example, pro se pleadings are liberally construed, particularly where civil rights claims are

7  involved.

8  **B.**    **Legal Analysis**

9        Defendant City of La Mesa argues the FAC should be dismissed because "no facts are

10  alleged in the FAC which support any cognizable legal claim by plaintiffs against" defendant.

11  (Memorandum of Points and Authorities in Support of Motion to Dismiss ("Memo. ISO Motion")

12  at 3.)  Moreover, according to defendant City of La Mesa, dismissal is warranted because the FAC

13  fails to allege a custom, policy, or action by defendant City of La Mesa which injured plaintiffs.

14  (Id. at 3-4.)

15        Allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less

16  stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519-20

17  (1972).  Thus, where a plaintiff appears *in propria persona* in a civil rights case, the Court must

18  construe the pleadings liberally and afford plaintiff any benefit of the doubt.  See Karim-Panahi v.

19  Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); Bretz v. Kelman, 773 F.2d 1026,

20  1027, n.1 (9th Cir. 1985) (en banc).

21        In giving liberal interpretation to a pro se civil rights complaint, the Court may not,

22  however, supply essential elements of a claim that were not initially pled.  "Vague and conclusory

23  allegations of official participation in civil rights violations are not sufficient to withstand a motion

24  to dismiss."  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir.

25  1982).  Nevertheless, the Court must give a pro se litigant leave to amend his complaint unless it is

26  "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v.

27  Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).  Thus, before a pro se civil rights complaint may be

28  dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies.

1  <u>Karim-Panahi</u>, 893 F.2d at 623-24.  The rule of liberal construction is "particularly important in

2  civil rights cases."  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).

3          From the face of the FAC it appears plaintiffs allege the Sheriff's Department arrested

4  plaintiff Ronald Harkovich, Jr., in retaliation for plaintiffs civil lawsuit filed in this Court.  (FAC at

5  5:19-27.)  Plaintiffs also allege that the Sheriff's Department, "made up false" stories about

6  plaintiffs, and interfered with plaintiffs ability to utilize Section 8 public housing.  (<u>Id</u>. at 7:6-9.)

7  However, plaintiffs have not clearly identified the alleged wrong doing of defendant the City of La

8  Mesa, or how and where defendant City of La Mesa violated plaintiffs' civil rights.[2]  Furthermore,

9  plaintiffs have not plainly stated how defendant City of La Mesa caused them harm.  Therefore,

10  because plaintiffs' complaint contains no allegations against defendant, the Court grants defendant

11  City of La Mesa's motion to dismiss.  <u>See</u> <u>Ivey</u>, 673 F.2d at 268.

12          If plaintiffs wish to file an amended complaint, the complaint must contain short, plain

13  statements regarding: (1) the rights plaintiffs believe were violated; (2) what each defendant did or

14  failed to do; (3) how the action or inaction of each defendant is connected to the violation of

15  plaintiffs' rights; and (4) what injury plaintiffs suffered because of the alleged conduct.  While

16  Fed. R. Civ. P. 8 does not impose a strict requirement on plaintiffs, plaintiffs must allege sufficient

17  facts to put *each defendant* on notice regarding the claims asserted against it.  Plaintiffs may file

18  their amended complaint notwithstanding pending motions to dismiss this or any other case

19  plaintiffs have filed.

20                                         **CONCLUSION**

21          For the reasons stated above, the Court **GRANTS** defendant's motion to dismiss **without**

22  **prejudice.**

23  ///

24  ///

25  ///

26  ///

27  _____

28          [2] Plaintiffs only reference to defendant City of La Mesa is their Exhibit 2, a Notice to Appear from the City of La Mesa Police Department, issued to Ronald Harkovich, Sr.  Plaintiff Ronald Harkovich, Sr., was cited for illicit scavenging of recyclable materials.

1   Plaintiffs may file an amended complaint, addressing the deficiencies noted in this order, **on or**

2   **before November 1, 2006**.

3          **IT IS SO ORDERED.**

4

5   **DATED:  October 4, 2006**

6                                                        **IRMA E. GONZALEZ, Chief Judge**
                                                         **United States District Court**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28